UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CASSANDRA DE LA GARZA, | § | No. 5:15-CV-180-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Bank of America, N.A. ("BANA" or "Defendant"). (Dkt. # 10.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After considering the briefs filed in support and in opposition, the Court, for the reasons that follow, **GRANTS** Defendant's Motion for Summary Judgment. (Dkt. # 10.)

BACKGROUND

This case concerns whether the unilateral rescission of an acceleration of a mortgage debt reset the four-year statute of limitations period for an entity to foreclose on a mortgaged property.

1

On March 29, 2004, Plaintiff and her ex-husband Michael De La Garza[1] executed a Note in the amount of $122,035.00 in favor of RBC Mortgage Company ("RBC") to purchase property located at 11403 Layback Creek, San Antonio, Texas 78201 ("the Property"). (Dkt. # 10-2, Ex. A-1.) To secure the Note, Plaintiff and her ex-husband executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for RBC and RBC's successors and assigns. (Dkt. # 10-2. Ex. D.) On January 20, 2010, MERS assigned the Deed of Trust to BANA's predecessor-by-merger BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP. (Dkt. # 10-2, Ex. E.). BANA and its predecessors-by-merger have serviced the loan since January 2005. ("Garcia Aff.," Dkt. # 10-2, Ex. A. ¶ 6.)

Plaintiff defaulted by falling behind on her mortgage payment obligations beginning in January 2005. (Garcia Aff. ¶ 7; "Payment History," Dkt. # 10-2, Ex. A-2.) On November 1, 2006, BANA's predecessor-by-merger sent Plaintiff a formal notice that it had elected to accelerate the maturity of the loan and conduct a foreclosure sale on December 5, 2006. (Dkt. # 10-2, Ex. B-2.) However, the sale did not go forward. On January 29, 2010, BANA's predecessor-by-merger once again sent formal notice of its decision to accelerate the maturity

---

[1] Michael De La Garza is not a party to this case.

date of the loan and conduct a foreclosure sale on March 2, 2010.  (Dkt. # 10-2, Ex. B-2.)  However, the sale did not occur.

On September 17, 2010, BANA's predecessor-by-merger sent a formal notice to Plaintiff by certified mail that it had elected to rescind the January 29, 2010 acceleration and all prior notices of acceleration.  ("Notice of Rescission," Dkt. # 10-2, Ex. B-3.)  Plaintiff never received notice of the rescission of acceleration.  ("De La Garza Aff.," Dkt. # 11-1.)  Plaintiff remained in default by not making payments on the loan.  (Garcia Aff. ¶ 8; De La Garza Aff.)

On November 8, 2014, BANA sent formal notice to Plaintiff of its decision to accelerate the maturity date of the loan and to conduct a foreclosure sale on December 2, 2014.  (Dkt. # 10-2, Ex. C-1; "Williams Aff.," Dkt. # 10-2, Ex. C ¶ 5.)  However, the sale did not occur because Plaintiff obtained a Temporary Restraining Order from the 288th Judicial District Court in Bexar County Texas.  (Dkt. # 1-1, Ex. A at 5−9.)  On January 22, 2015, BANA once again accelerated the debt by mailing Plaintiff a Notice of Acceleration and Notice of Sale by certified mail to the Property.  (Dkt. # 10-2, Ex. C-2.)  The formal notice informed Plaintiff that a foreclosure sale would occur March 3, 2015.  (Id.)  The sale did not go forward because the parties apparently agreed to cancel a Temporary Injunction hearing on the condition that BANA cancel the foreclosure sale scheduled for March, 3, 2015. (Dkt. # 1-1 at 29.)

On November 26, 2014, Plaintiff commenced this action in the 288th Judicial District of Bexar County, Texas, seeking injunctive and declaratory relief under the Texas Declaratory Judgment Act that BANA's foreclosure on the Property was time barred. ("Original Pet.," Dkt. # 1-1 at 12−16.) On February 17, 2015, Plaintiff served BANA with process. (Dkt. # 1-1 at 4.) On March 10, 2015, BANA timely removed this action to this Court. (Dkt. # 1.)

On January 14, 2016, BANA filed a Motion for Summary Judgment. (Dkt. # 10.) On January 28, 2016, Plaintiff filed her response. (Dkt. # 11.) On February 4, 2016, BANA filed its reply. (Dkt. # 12.)

## LEGAL STANDARD

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enterprises, L.L.C., 756 F.3d 875, 880 (5th Cir. 2014). "Substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In seeking summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden,

the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial.  Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012).

In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Kevin M. Ehringer Enters. v. McData Servs. Corp., 646 F.3d 321, 326 (5th Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

Under Texas law by statute, "a person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property not later than four years after the day the cause of action accrues."  Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a).  A cause of action accrues on the maturity date of the

last note, obligation, or installment. Id. § 16.035(e). Accordingly, a cause of action accrues and the four-year limitations period begins to run when the note holder exercises its option to accelerate a debt. Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. App. 2001); Khan v. GBAK Properties, 371 S.W.3d 347, 353 (Tex. App. 2012). However, if "the accelerated maturity date is rescinded . . . before the limitations period expires, the acceleration is deemed rescinded . . . and the note . . . shall be [treated] as if no acceleration had occurred." Tex. Civ. Prac. & Rem. Code Ann. § 16.038(a). Rescission of acceleration is effective if made by written notice. Id. § 16.038(b). Service of a written notice rescinding acceleration is "complete when the notice is deposited in the United States mail . . . and addressed to the debtor at the debtor's last known address." Id. § 16.038(c).

"Where, as here, the proper resolution of the case turns on the interpretation of Texas law, we are bound to apply Texas law as interpreted by the state's highest court." Boren v. United States Nat. Bank Ass'n, 807 F.3d 99, 104 (5th Cir. 2015) (internal citation omitted). However, "the Texas Supreme Court has not decided whether a lender may abandon its acceleration of a loan by its own unilateral actions and, if so, what actions it must take to effect abandonment." Id. Recently, the Fifth Circuit made an "Erie guess"[2] as to how the Texas Supreme

---

[2] The Fifth Circuit actually used the phrase "Erie guess" in its Boren opinion.

Court would resolve this issue. Id. 105.  The Fifth Circuit found that "[t]he Texas Supreme Court would likely hold that a lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition . . . by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan." Id.

Texas' intermediate appellate courts all agree that a note holder may unilaterally abandon acceleration of a debt so long as the borrower neither objects to abandonment nor has detrimentally relied on its acceleration. See Swoboda v. Wilshire Credit Corp., 975 S.W.2d 770, 776−77 (Tex. App. 1998) ("[I]f a creditor exercises the option to accelerate and makes a declaration to that effect, the election to accelerate can be revoked or withdrawn at any time, so long as the debtor has not detrimentally relied on the acceleration.") disapproved of on other grounds by Wolf, 44 S.W.3d at 570; Dallas Joint Stock Land Bank v. King, 167 S.W.2d 245, 247 (Tex. App. 1942) ("[A]fter a note has been declared all due under a provision giving the holder the option to do so, [the holder may] waive or rescind such action so as to reinstate the note and make it payable again according to its original terms."); Manes v. Bletsch, 239 S.W. 307, 308 (Tex. App.1922) ("Appellant contends that, having already exercised his option, the same was irrevocable. This may be true as against the will of the payer, but, where the payer is not objecting to the recall of such option, we can see no reason why the payee

7

could not revoke the same as well as not to have exercised it in the beginning."); see also Leonard v. Ocwen Loan Serv., L.L.C., 616 Fed. App'x. 677, 680 (5th Cir. 2015) (per curiam) (unpublished) ("[T]here is authority clearly establishing that the lender's . . . action constituting abandonment of acceleration can be unilateral.")

A cause of action initially accrued on November 1, 2006 when BANA's predecessor-by-merger accelerated Plaintiff's mortgage debt.  (Dkt. # 10-2, Ex. B-2.)  Under Texas law, BANA had until November 1, 2010 to foreclose on the Property.  On September 17, 2010, BANA's predecessor-by-merger sent a formal notice to Plaintiff by certified mail that it had elected to rescind all prior accelerations.  (Notice of Rescission.)  Neither party disputes that BANA acted unilaterally in sending the Notice of Rescission.  As explained above, while the Texas Supreme Court has not ruled on the issue, it is likely the court would hold "a lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition . . . by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan."  Boren, 807 F.3d at 105. That is exactly what BANA did.  BANA sent notice to Plaintiff via certified mail that it was no longer seeking to collect on the full balance of the loan.  (Notice of Rescission; Dkt. # 12, Ex. A-1.)  Such conduct by BANA restored the note to its original terms, thereby ending BANA's cause of action against Plaintiff and mooting any relevant time under the statute of limitations.

To the extent that Texas' intermediate appellate courts recognize unilateral rescission of acceleration only where the borrower neither objects to rescission nor has detrimentally relied on acceleration, the Court reaches the same result as above. There is no evidence in the record to indicate Plaintiff objected to the rescission. In fact, Plaintiff admits she was unaware of the rescission until her attorney showed her the Notice of Rescission during the pendency of this litigation. (Garza Aff.) Further, Plaintiff has produced no evidence that she detrimentally relied on the acceleration.[3] Plaintiff fails to proffer facts that BANA made her a promise. To the contrary, Plaintiff admits BANA made no promises: "They never agreed to work with me. They never made an agreement with me. Excluding a document I signed before a loan modification that [BANA] did not accept, they never had me sign anything." (Id.)

Finally, Plaintiff's assertion that the Notice of Rescission is ineffective because she never received it fails as a matter of law. Under Texas law by statute, service of written notice rescinding acceleration is "complete when the notice is deposited in the United States mail . . . and addressed to the debtor at the debtor's last known address." Tex. Civ. Prac. & Rem. Code Ann. § 16.038(c). There is no genuine dispute of the material fact that BANA sent the Notice of

---

[3] The elements of detrimental reliance, or promissory estoppel, under Texas law are: (1) a promise; (2) foreseeability of relieance thereon by the promisor; and (3) substantial reliance by the promise to her detriment. Garcia v. Lucero, 366 S.W.3d 275, 280 (Tex. App. 2012).

Rescission to Plaintiff to her last known address via certified United States mail. (Dkt. # 12, Ex. A-1.)

Accordingly, the Court finds that there is no genuine dispute of material facts and that as a matter of law BANA's September 17, 2010 Notice of Rescission restored the Note to its original condition.  For that reason, BANA is not precluded the opportunity to foreclose on the Property by the four-year statute of limitations that began to accrue upon its initial acceleration.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 10).

**IT IS SO ORDERED**

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE**.

**DATE:** March 7, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE